ORIGINAL

1  Shawn Hanson (State Bar No. 109321)
   shanson@jonesday.com
2  Katherine S. Ritchey (State Bar No. 178409)
   ksritchey@jonesday.com
3  Emily E. Booth (State Bar No. 248008)
   ebooth@jonesday.com
4  JONES DAY
   555 California Street, 26th Floor
5  San Francisco, CA  94104
   Telephone:    (415) 626-3939
6  Facsimile:    (415) 875-5700

7  Attorneys for Defendant
   STANDARD INSURANCE COMPANY
8

FILED
FEB - 5 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

9            UNITED STATES DISTRICT COURT
10           NORTHERN DISTRICT OF CALIFORNIA

11

12  JOHN R. GAVIDIA,                    Case No. CV 08 0823 RS

13           Plaintiff,                 NOTICE OF REMOVAL OF CIVIL
                                        ACTION UNDER 28 U.S.C. § 1441
14       v.
                                        [DIVERSITY JURISDICTION]
15  STANDARD INSURANCE COMPANY, a
    corporation; and DOES 1 through 30,
16  inclusive,

17           Defendant.

18

19       TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR

20  THE NORTHERN DISTRICT OF CALIFORNIA:

21       PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. § 1441, Defendant Standard

22  Insurance Company ("Standard"), hereby removes the above-entitled action from the Superior

23  Court of the State of California for the County of Santa Clara to the United States District Court

24  for the Northern District of California.

25       This removal is based upon the original jurisdiction of the United States District Court

26  over the parties consistent with 28 U.S.C. § 1332 based on the existence of diversity of

27  citizenship of the parties.

28

SFI-577682v1                              NOTICE OF REMOVAL OF CIVIL ACTION
                                          UNDER 28 U.S.C. 1441

In support of its notice of removal, Standard states to the Court as follows:

1. Plaintiff commenced this action against Standard and Does 1 through 30 by filing a complaint in the Superior Court of the State of California for the County of Santa Clara (the "Superior Court"), entitled <u>John R. Gavidia v. Standard Insurance Company, a corporation; and DOES 1 through 30</u>, Case No. 107CV101710, on December 21, 2007.

2. On or about January 9, 2008 Standard was served with the Summons and Complaint. A true and correct copy of the Complaint and Summons is attached hereto as Exhibit A.

3. On February 1, 2008, Standard filed its General Denial and Defenses to Plaintiff's Complaint in the Superior Court of the State of California for the County of Santa Clara. A true and correct copy of the General Denial and Defenses is attached hereto as Exhibit B.

4. This Notice of Removal of Civil Action from State Court ("Notice") is timely filed pursuant to 28 U.S.C. § 1446(b) which provides that such notice "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based." Standard has filed this notice within thirty (30) days after service of the Complaint. The Complaint was the first paper from which Standard could ascertain that the action was removable.

5. This Court has original jurisdiction of this action under 28 U.S.C. § 1332 in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000, exclusive of costs and interests, and is between a citizen of a state and a citizen of a foreign state. Specifically, removal is proper based on the following:

   a. Standard is informed and believes that the amount in controversy exceeds $75,000 because, in addition to seeking damages for Standard's alleged failure to provide disability benefits, Plaintiff claims an unspecified amount of general damages for mental and emotional distress and other incidental and compensatory damages, as well as punitive damages and attorneys' fees, which amounts must be considered in calculating the amount in controversy. See <u>Galt G/S v. JSS Scandinavia</u>, 142 F. 3d 1150, 1156 (9th Cir. 1998) (holding that attorneys fees that plaintiffs can recover as a matter of law must be considered by the Court in calculating the amount in controversy); <u>Surber v. Reliance Nat'l Indem.Co.</u>, 110 F. Supp. 2d 1227, 1232 (N.D.

Cal. 2000), citing <u>Richmond v. Allstate Ins. Co.</u>, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (exemplary and punitive damages also to be considered in determining amount in controversy). Furthermore, Plaintiff's failure to plead a specific amount of damages in his Complaint should be construed in favor of Standard, supporting a finding that the minimum amount in controversy has been met. See <u>Bosinger v. Phillips Plastic Corporation</u>, 57 F. Supp. 2d 986, 989 (S.D. Cal. 1999).

    b.    Standard is informed and believes that Plaintiff was, at the time this action was commenced in state court, and still is a resident of California.

    c.    Standard was, at the time of filing this action, and still is incorporated in Oregon, and its principal business office is in Portland, Oregon. The day-to-day control of Standard is exercised from Oregon. The individuals who control the day-to-day operations of Standard's business work at Standard's corporate headquarters, located in Portland, Oregon. Standard supervises its business operations throughout the country from Oregon. The vast majority of Standard's employees are located in Oregon. Standard is not a citizen of the State of California.

    d.    Defendants designated as Does 1 through 30 are fictitious defendants, are not parties to this action, have not been served and are to be disregarded for the purposes of this removal. 28 U.S.C. § 1441(a).

6.    Based on the foregoing, this action is one over which this Court has original jurisdiction and which may be removed by Standard to this Court pursuant to 28 U.S.C. §§ 1441(b) and 1446 because complete diversity of citizenship exists between Plaintiff and Standard.

Dated: February 5, 2008

Respectfully submitted,

Jones Day

By: _____
Emily Booth

Counsel for Defendant
STANDARD INSURANCE COMPANY

Robert K. Scott, Esq., #67466
D. Scott Mohney, Esq., #124426
LAW OFFICES OF ROBERT K. SCOTT
7700 Irvine Center Drive, Suite 605
Irvine, CA 92618
Telephone: (949) 753-4950
Facsimile: (949) 753-4949

Attorneys for Plaintiff,
JOHN R. GAVIDIA

# SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR
# THE COUNTY OF SANTA CLARA

| | |
|---|---|
| JOHN R. GAVIDIA,<br><br>Plaintiff,<br><br>vs.<br><br>STANDARD INSURANCE COMPANY, a corporation; and DOES 1 through 30, inclusive,<br><br>Defendants. | Case No. **107CV101710**<br><br>**COMPLAINT**<br><br>1. **BREACH OF CONTRACT**<br><br>2. **BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**<br><br>**JURY DEMAND** |

## GENERAL ALLEGATIONS

1.   Plaintiff, John R. Gavidia (hereinafter "Gavidia or "plaintiff") is, and at all relevant times herein was, a resident and citizen of the City of San Jose, County of San Jose, State of California.

2.   Defendant, Standard Insurance Company (hereinafter "Standard") is, and at all relevant times herein was, a corporation whose principle place of business is located in Portland, Oregon, and an entity who was, and is, authorized to transact, and in fact transacting, the business of insurance in the State of California, County of San Jose.

3. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants Does 1 through 30, inclusive, are unknown to plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the defendants designated herein as a doe is legally responsible to plaintiff. Plaintiff will seek leave of this Court to amend this Complaint to insert their true names and capacities in place and instead of the fictitious names when they become known to him.

4. At all times herein mentioned, unless otherwise indicated, defendants were the agents and employees of each of the remaining defendants, and were at all times acting within the purpose and scope of said agency and employment, and each defendant has ratified and approved the acts of his agent.

5. At all relevant times, plaintiff was employed by the City of Santa Clara. As an employee of a governmental entity to which the below-described Policy was issued by Standard, the Employee Retirement Income Security Act of 1974, ("ERISA"), 29 U.S.C. §1001, et. seq. is **inapplicable**. Due to the nature of the Policy's exemption status, jurisdiction in State Court is appropriate.

6. At all relevant times, there was in full force and effect a policy of insurance providing long term disability benefits, underwritten and issued by defendant, Standard, to the City of Santa Clara, which covered plaintiff as an employee (Grounds Maintenance Worker II), and which promised to pay certain disability benefits should he become totally disabled (as defined by California law) and unable to perform the substantial and material duties of his occupation in the usual and customary way. Long Term Disability Benefits are to be paid for the duration of disability, but not beyond the insured's sixty-fifth birthday, with a monthly benefit (subject to certain offsets) of 60% of plaintiff's monthly income. A true and correct copy of the Certificate of Insurance, Group Policy No. 623267-C, effective February 1, 1998, is attached

— 2 —

hereto as Exhibit "A."

7. All premiums due under the Policy have been paid to Standard by plaintiff and/or on his behalf, at all relevant times, and plaintiff has performed all obligations under the Policy on his part to be performed.

8. On or about June 17, 2005, plaintiff became totally disabled from his occupation due to injuries to his lower back and right leg. Plaintiff became unable to work at that time and has remained totally and permanently disabled to this date. Plaintiff has attempted work rehabilitation, undergone physical therapy, surgery, and a variety of medical modalities and treatments including pain medications and epidural injections. Although sometimes providing temporary relief, none of the procedures or medications have acted to alleviate plaintiff's disabling medical conditions, which now include diabetes and hypertension. Despite the best efforts of plaintiff and his treating physicians, plaintiff has not been able to return to his employment, or any other employment for which he might be qualified by reason of education, training and experience.

9. Following his claim for disability benefits, Standard paid short term benefits to plaintiff and long term disability benefits from approximately September of 2006 to September of 2007. On September 24, 2007, defendant denied plaintiff's claim for long term disability benefits, asserting that plaintiff was capable of employment and that he allegedly was "...not disabled from all occupations." No further benefits have been paid to plaintiff by defendant.

## FIRST CAUSE OF ACTION

### Breach of Contract

10. Plaintiff hereby incorporates each and every paragraph of the General Allegations as though fully set forth in this Cause of Action.

— 3 —

11. At all relevant times, plaintiff was insured by Standard under the disability income Policy described above in Paragraph 6, which was in full force and effect at all relevant times and which promised to pay benefits in the event of plaintiff's disability. Plaintiff has performed all of the duties on his part to be performed.

12. On or about June 17, 2005, plaintiff became totally disabled from his occupation with the City of Santa Clara. Plaintiff timely submitted his claim for benefits to Standard, Claim No. 00375652, in accordance with the terms of the Policy and applicable law and promptly furnished proof of loss under the policy in the form requested and/or required by Standard.

13. After paying benefits for a period of time, Standard, on September 24, 2007, denied the payment of further long term disability benefits to plaintiff, thereby breaching its contract with plaintiff.

14. As a direct and proximate result of Standard's breach of the insurance contract, plaintiff has suffered contractual damages under the Policy, plus interest, and other consequential and incidental damages and out-of-pocket expenses, all in a sum to be determined at the time of trial.

## SECOND CAUSE OF ACTION

### Breach of the Duty of Good Faith and Fair Dealing

15. Plaintiff hereby incorporates by reference each and every paragraph of the general allegations, and also hereby incorporates by reference paragraphs 11 through 14, inclusive, of the First Cause of Action as though fully set forth in full herein.

16. Standard has breached its duty of good faith and fair dealing owed to plaintiff in the following respects:

— 4 —

a. unreasonably, and in bad faith, failing to pay long term disability insurance benefits at a time when Standard knew that plaintiff was entitled to those benefits under the terms of the Policy;

b. unreasonably misrepresenting to plaintiff pertinent facts and insurance Policy provisions in relation to the insurance coverage at issue;

c. failing in bad faith to reasonably and promptly investigate and process plaintiff's claim for disability insurance benefits;

d. not attempting in good faith to effectuate a prompt, fair and equitable settlement of plaintiff's claim at a time when liability was reasonably clear, in that Standard had substantial medical information in its possession to support the claim and to justify the payment of disability benefits;

e. failing in bad faith to provide a reasonable explanation of the basis relied upon in the Policy, in relation to the applicable facts, for its refusal to honor plaintiff's claim;

f. plaintiff is informed and believes and thereon alleges that Standard has breached its duty of good faith and fair dealing owed to him by other acts or omissions of which he is presently unaware. Plaintiff will seek leave of this Court to amend this Complaint at such time as he discovers the other acts or omissions of said defendant constituting such breach and to name such additional defendants as may be identified during discovery.

17. As a direct and proximate result of the aforementioned wrongful conduct of Standard, plaintiff has suffered, and will continue to suffer in the future, damages under the Policy, plus interest, for a total amount to be shown at the time of trial.

— 5 —

18. As a further direct and proximate result of Standard's bad faith and wrongful denial of benefits, at a time when defendant knew that plaintiff was unable to work at his occupation and was badly in need of disability income, plaintiff has suffered anxiety, worry, stress, and mental and emotional distress in an amount to be shown according to proof at the time of trial.

19. As a further direct and proximate result of the aforementioned wrongful conduct of Standard, plaintiff has been compelled to retain legal counsel to obtain the benefits due under the Policy. Therefore, Standard is liable to plaintiff for those attorney fees and costs reasonably necessary and incurred by him to obtain the benefits to which he is entitled, in a sum to be determined at the time of trial.

20. Standard's conduct described herein was intended to cause injury to plaintiff, or was despicable conduct carried on by it with a willful and conscious disregard of the rights of plaintiff, which subjected him to cruel and unjust hardship in conscious disregard of his rights, and was an intentional misrepresentation, deceit, or concealment of material facts known to Standard with the intention, implied or in fact, to deprive plaintiff of his property, legal rights, or to otherwise oppress and/or cause injury, such as to constitute malice, oppression, or fraud under California *Civil Code* §3294 thereby entitling plaintiff to punitive and/or exemplary damages in an amount in excess of the jurisdictional limits of this Court and appropriate to punish or set an example of Standard.

### PRAYER

WHEREFORE, plaintiff prays for judgment against defendant Standard as follows:

1. damages for failure to provide long term disability benefits under the Policy, for the present value of future benefits, and other consequential damages, plus all interest as provided by law, including prejudgment interest, in sums to be determined at trial;

2. general damages for worry, anxiety, mental and emotional distress and other incidental damages in a sum to be determined at trial (Second Cause of Action);

3. compensatory and/or consequential damages to be shown according to proof at the time of trial;

4. attorneys' fees reasonably incurred to obtain the Policy benefits in a sum to be determined at the time of trial pursuant to applicable law (Second Cause of Action) in an amount to be shown according to proof at the time of trial;

5. punitive and/or exemplary damages pursuant to California *Civil Code* §3294 in an amount appropriate to punish or set an example of Standard (Second Cause of Action);

6. costs of suit incurred herein; and

7. such other and further relief as deemed appropriate by this Court.

Dated: December 17, 2007

LAW OFFICES OF ROBERT K. SCOTT

By _____
Robert K. Scott, Esq.,
D. Scott Mohney, Esq.,
Attorneys for Plaintiff,
JOHN R. GAVIDIA

///
///
///
///
///

— 7 —

## JURY DEMAND

Plaintiff, JOHN R. GAVIDIA, hereby demands a jury trial in this action.

Dated: December 17, 2007

LAW OFFICES OF ROBERT K. SCOTT

By *Robert K Scott* (signature)
Robert K. Scott, Esq.,
D. Scott Mohney, Esq.,
Attorneys for Plaintiff,
JOHN R. GAVIDIA

— 8 —

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)



ENDORSED
2007 DEC 21 PM 1:50
SUPERIOR COURT OF CA.
SANTA CLARA
B. CHOPOFF

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
STANDARD INSURANCE COMPANY, a corporation; and
DOES 1 through 30, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*

JOHN R. GAVIDIA

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA COUNTY OF SANTA CLARA
191 N. FIRST STREET
SAN JOSE, CA 95113-4090

CASE NUMBER: *(Número del Caso):*
107CV101710

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
LAW OFFICES OF ROBERT K. SCOTT          ROBERT K. SCOTT, ESQ.
7700 IRVINE CENTER DRIVE, S-605          (949) 753-4950
IRVINE, CALIFORNIA 92618

DATE: DEC 21 2007    Kiri Torre Chief Executive Officer/Clerk, by    B. CHOPOFF , Deputy
*(Fecha)*                *(Secretario)*                              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: Standard Insurance Company
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
Martin Dean's Essential Forms™

**SUMMONS**

ORIGINAL

Code of Civil Procedure §§ 412.20, 465

BY FAX

1  Shawn Hanson (State Bar No. 109321)
   Katherine S. Ritchey (State Bar No. 178409)
2  Emily E. Booth (State Bar No. 248008)
   JONES DAY
3  555 California Street, 26th Floor
   San Francisco, CA 94104
4  Telephone:  (415) 626-3939
   Facsimile:  (415) 875-5700
5  Email:      shanson@jonesday.com
   Email:      ksritchey@jonesday.com
6  Email:      ebooth@jonesday.com

7  Attorneys for Defendant
   STANDARD INSURANCE COMPANY
8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                       COUNTY OF SANTA CLARA

11

12 | JOHN R. GAVIDIA,                          | CASE NO. 107cv101710
13 |          Plaintiff,                       | GENERAL DENIAL AND DEFENSES
   |                                           | OF STANDARD INSURANCE
14 |   v.                                      | COMPANY TO PLAINTIFF'S
   |                                           | COMPLAINT
15 | STANDARD INSURANCE COMPANY, a             |
   | corporation; and DOES 1 through 30,       | Complaint Filed:  December 21, 2007
16 | inclusive,                                |
17 |          Defendant.                       |    **BY FAX**
18

19         Pursuant to section 431.30(d) of the California Code of Civil Procedure, defendant

20  Standard Insurance Company ("Standard") generally denies each and every allegation of

21  PLAINTIFF'S Complaint filed December 21, 2007.

22         Having answered PLAINTIFF'S Complaint, Standard alleges its defenses. Each defense

23  is asserted as to all causes of action against Standard. By setting forth these defenses, Standard

24  does not assume the burden of proving any fact, issue, or element of a cause of action where such

25  burden properly belongs to PLAINTIFF. Moreover, nothing stated herein is intended or shall be

26  construed as an acknowledgement that any particular issue or subject matter is relevant to

27  PLAINTIFF'S allegations.

28

SFI-577681v1

General Denial and Defenses of Standard Insurance Company

### First Defense to Entire Complaint

### (Failure to State a Cause of Action)

1. The Complaint, and each cause of action, fails to set forth facts sufficient to state a cause of action upon which relief may be granted against Standard and further fails to state facts sufficient to entitle PLAINTIFF to the relief sought, or to any other relief whatsoever from Standard.

### Second Defense to Entire Complaint

### (Discharge of Obligations / Unjust Enrichment)

2. Standard has performed all obligations required by Standard disability policy, No. 623267-C ("Policy"). PLAINTIFF is not entitled to any additional payment pursuant to the Policy and the payment of any additional amount, as demanded by PLAINTIFF, would amount to a windfall and unjust enrichment.

### Third Defense to Entire Complaint

### (Waiver)

3. Standard is informed and believes that, at all times relevant to the matters alleged in the Complaint, PLAINTIFF was fully informed of the alleged rights he now asserts. PLAINTIFF has acted in a manner inconsistent with the assertion of those rights and, accordingly, has waived the claims he now asserts.

### Fourth Defense to Entire Complaint

### (Exclusions and Limitations of Coverage)

4. PLAINTIFF'S recovery, if any, is limited by the terms and conditions of the Policy, including exclusions and limitations of coverage.

### Fifth Defense to Entire Complaint

### (Estoppel)

5. PLAINTIFF is not entitled to benefits under the terms and conditions of the Policy, and Standard is informed and believes that PLAINTIFF was informed of any rights and claims that he may have against it. PLAINTIFF conducted himself in such a way as to lead Standard to believe that he relinquished any rights he had against Standard, and Standard has

relied upon this conduct to its detriment. PLAINTIFF, therefore, is estopped from seeking damages or other relief based upon the allegations of the Complaint.

### Sixth Defense to Entire Complaint

**(Mitigation of Damages)**

6. Standard is informed and believes that PLAINTIFF has failed to mitigate his damages, if any.

### Seventh Defense to Entire Complaint

**(Punitive Damages; Constitutionality of Punitive Damages)**

7. PLAINTIFF is not entitled to the award of punitive damages insofar as that award would violate Standard's due process or other rights under the United States Constitution, the laws of the United States, or the Constitution or laws of the State of California. Standard further states that PLAINTIFF fails to state sufficient facts to support the prayer for punitive damages against Standard.

### Eighth Defense to Entire Complaint

**(Contributory/Comparative Fault)**

8. Standard is informed and believes and thereon alleges that any alleged damages sustained by PLAINTIFF were, at least in part, caused by the actions of PLAINTIFF and/or third parties and resulted from PLAINTIFF or third parties negligence which equaled or exceeded any alleged negligence or wrongdoing by Standard.

**(Right to Assert Additional Defenses)**

9. Standard hereby gives notice that it intends to rely on any additional affirmative defenses that become available or apparent during discovery or at any other time during the pendency of this case and, thus, reserves the right to amend its answer to assert such additional defenses.

WHEREFORE, Standard prays for judgment as follows:

1. That PLAINTIFF take nothing from Standard by his Complaint;
2. That the Complaint be dismissed with prejudice as to Standard;

3. That Standard recover its attorneys' fees and costs from PLAINTIFF as permitted by law; and

4. For such other and further relief as the Court may deem proper.

Dated: February 1, 2008

Jones Day

By: /s/ Emily Booth
Emily Booth

Attorneys for Defendant
STANDARD INSURANCE COMPANY

SFI-577681v1

4

General Denial and Defenses of Standard Insurance Company

## PROOF OF SERVICE

I, Ruth A. Chavez, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 California Street, 26th Floor, San Francisco, California 94104. On February 1, 2008, I served a copy of the within document(s):

**GENERAL DENIAL AND DEFENSES OF STANDARD INSURANCE COMPANY TO PLAINTIFF'S COMPLAINT**

- ☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

- ☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

- ☐ by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a agent for delivery.

- ☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

- ☐ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Robert K. Scott, Esq.
D. Scott Mohney, Esq.
LAW OFFICES OF ROBERT K. SCOTT
7700 Irvine Center Drive, Suite 605
Irvine, CA 92618
Tel: (949) 753-4950
Email: mail@robertkscott.com
Fax: (949) 753-4949

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above

SFI-577681v1
5

1 | is true and correct.

2 | Executed on February 1, 2008, at San Francisco, California.

*[Signature: Ruth Chavez]*

Ruth A. Chavez

SFI-577681v1

6

General Denial and Defenses of Standard Insurance Company