Shawn Hanson (State Bar No. 109321)
shanson@jonesday.com
Katherine S. Ritchey (State Bar No. 178409)
ksritchey@jonesday.com
Emily E. Booth (State Bar No. 248008)
ebooth@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

Attorneys for Defendant
STANDARD INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOHN R. GAVIDIA,** | **Case No. C08-00823 RS** |
| **Plaintiff,** | **JOINT STATUS REPORT** |
| v. | **DATE:** May 28, 2008 |
| **STANDARD INSURANCE COMPANY, a corporation; and DOES 1 through 30, inclusive,** | **TIME:** 2:30 PM <br> **JUDGE:** Richard Seeborg <br> **DEPT.:** Courtroom 4 |
| **Defendant.** | |

Pursuant to Local Rules 16-9 and Federal Rule of Civil Procedure 26(f), Plaintiff John Gavidia ("Plaintiff") and Defendant Standard Insurance Company ("Standard") respectfully submit this Joint Case Management Statement in connection with the Case Management Conference currently scheduled for May 28, 2008.

1. **Jurisdiction and Service**

Jurisdiction of the United States District Court over the parties is based on the diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332. Venue is proper in this court under 28 § U.S.C. 1391(a).

1  2.  **Facts**

2  The City of Santa Clara provided certain employee benefits, including long-term disability
3  coverage, to its employees. The disability coverage was funded by a group long-term disability
4  insurance policy (the "Plan Policy") issued by Standard.

5  Mr. Gavidia ceased work for the City of Santa Clara on or about June 17, 2005 and
6  submitted a claim for long-term disability benefits pursuant to the Policy. Standard paid Mr.
7  Gavidia through September 24, 2007 at which time Standard closed Mr. Gavidia's claim. In this
8  lawsuit, Mr. Gavidia seeks benefits under the Plan Policy and Standard maintains that he is not
9  entitled to any relief.

10  3.  **Legal Issues**

11  The primary legal issue is whether Mr. Gavidia is entitled to benefits under the terms of
12  the Policy.

13  4.  **Motions**

14  Standard anticipates filing a Summary Judgment Motion by May 1, 2009.

15  5.  **Amendments of Pleadings**

16  The parties do not currently anticipate any amendment of the pleadings.

17  6.  **Evidence Preservation**

18  The parties have taken steps to preserve evidence relevant to the issues reasonably evident
19  in this action. The parties agree that documents relating to Standard's administration of
20  Plaintiff's claim for benefits will be produced in hard copy format, and that inaccessible data (e.g.
21  backup tapes) are not at issue.

22  7.  **Disclosures**

23  The parties do not currently believe any changes to the timing, form or requirements for
24  disclosures under Rule 26(a) are necessary and intend to make disclosures within the timeframe
25  required by Rule 26.

26  8.  **Discovery**

27  The parties anticipate that they will seek written discovery relating to allegations in the
28  Complaint as well as deposition testimony of Plaintiff, his medical care providers, and other

persons with knowledge.  The parties anticipate that all discovery in this case will be completed by February 27, 2009.

9. **Class Actions**

   Not applicable.

10. **Related Cases**

    This case is not related to any other case pending in this district, including the bankruptcy courts in this district.

11. **Relief**

    Plaintiff seeks damages for failure to provide benefits under the Policy, plus interest, including prejudgment interest, and other economic and consequential damages, general damages for mental and emotional distress, punitive damages, costs of suit, and attorneys' fees.  Standard disputes that Plaintiff is entitled to any benefits or other relief under the Policy, and seeks an award of its costs and attorneys' fees.

12. **Settlement and ADR**

    The parties believe that an early mediation is appropriate for this case, and are currently in the process of scheduling private mediation for early June 2008.

13. **Consent to a Magistrate Judge for All Purposes**

    The parties have consented to assignment of this case to Magistrate Judge Richard Seeborg for all purposes.

14. **Other References**

    The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues**

    The parties do not believe that the issues can be narrowed at this point.

16. **Expedited Schedule**

    The parties do not believe this case is appropriate for an expedited schedule.

17. **Scheduling**

    The parties suggest the following schedule for future proceedings:

| **Target Date for Completion of Fact Discovery Deadline** | February 27, 2009 |
|---|---|
| **Deadline to File Motions** | May 1, 2009 |
| **Final Pretrial Conference** | July 31, 2009 |
| **Trial** | September 14, 2009 |

18. **Trial**

Plaintiff has requested a jury trial. The parties estimate a 3-5 day trial.

19. **Disclosure of Non-Party Interested Entities or Persons**

Standard filed a "Disclosure of Non-Party Interested Entities or Persons" on February 5, 2008 in which it disclosed that StanCorp Financial Group, Inc., parent company of Standard, is an interested entity in this matter. Mr. Gavidia had not filed his disclosures, but will do so by the date of the case management conference.

20. **Other**

There are currently no other matters to facilitate the disposition of this action.

Dated: May 19, 2008                     Respectfully submitted,

                                        JONES DAY


                                        By:   /s/ Emily E. Booth
                                              Emily E. Booth

                                        Counsel for Defendant
                                        Standard Insurance Company

Dated: May 19, 2008                     THE LAW OFFICES OF ROBERT K. SCOTT


                                        By:   /s/ Robert K. Scott
                                              Robert K. Scott

                                        Counsel for Plaintiff John Gavidia

## SIGNATURE ATTESTATION

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this efiled document.

/s/ Emily E. Booth
Emily E. Booth

Counsel for Defendant
STANDARD INSURANCE COMPANY